**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3237
_____


FRANCIS B. SERIEUX,
*Appellant*

v.

COMMISSIONER TREVOR VELINOR


_____

On Appeal from the District Court
for the Virgin Islands
District Court No. 3-20-cv-00053
District Judge: Honorable Robert A. Molloy
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 6, 2021
_____


Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Opinion filed: March 9, 2022)


_____


OPINION*


_____

_____

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKee, *Circuit Judge.*

Francis B. Serieux appeals the District Court's dismissal of his claim against Police Commissioner Trevor Velinor for lack of subject matter jurisdiction. We conclude that the District Court did not err in adopting the Magistrate Judge's Report and Recommendations for dismissal or denying Serieux's motion for an extension to file objections to the R & R.  Accordingly, we will affirm.[1]

## I.

Serieux alleged that Velinor and other officers failed to provide certain information and that they failed to call him back after agreeing to. Magistrate Judge Miller entered an R & R, recommending dismissal of Serieux's complaint against Velinor for lack of subject matter jurisdiction.[2] Judge Miller found no basis in Serieux's invocation of  federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.[3] The R & R provided that "[a]ny objections to this [R & R] must be filed in writing within 14 days of receipt of this notice[, and f]ailure to file objections within the specified time shall bar the aggrieved party from attacking such [R & R] before the assigned

---

[1] The Magistrate Judge screened the pleading pursuant to 28 U.S.C. § 1915(e)(2) because Serieux is proceeding *pro se in forma pauperis*. The District Court reviewed *de novo* only those portions of the R & R to which the party has objected. Fed. R. Civ. P. 72(b)(3). We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

[2] R & R, *Serieux v. Velinor*, No. 3:20-cv-00053, 2020 WL 5087879, at *3 (D.V.I. Aug. 4, 2020) (Miller, Mag. J.).

[3] *Id.*

District Court Judge."[4] The next day, the R & R was sent to Serieux via certified mail; thus the deadline for Serieux to file objections was August 24, 2020.[5]

On August 18, Serieux filed a motion for a one-month extension to make his objections. Serieux claimed he was awaiting copies of his complaints from the court as he was sent the wrong documents and the print was too small for him to read. Serieux also claimed that it was impossible for him to correct the complaints for his twenty-four cases within the prescribed fourteen days.[6]

On August 28, the District Court adopted the R & R and dismissed Serieux's complaint for lack of subject matter jurisdiction.[7] The Court addressed Serieux's request for an extension to file objections to the R & R, by finding that Serieux's assertions did not constitute good cause as he did not present circumstances of unforeseen or uncontrollable events.[8]

## II.

Serieux raises two issues on appeal: (1) the dismissal of his complaint for lack of subject matter jurisdiction, and (2) the denial of his motion for an extension to file objections to the R & R.  We review a dismissal for lack of subject matter jurisdiction de

---

[4] *Id.*
[5] *Serieux v. Velinor*, No. 3:20-cv-00053, 2020 WL 5087879, at *2 (D.V.I. Aug. 28, 2020).
[6] The District Court had 18, rather than 24, complaints docketed for Serieux.
[7] *Serieux v. Velinor*, No. 3:20-cv-00053, 2020 WL 5087879, at *3 (D.V.I. Aug. 28, 2020).
[8] *Id*. at *2.

novo[9] and a denial of the motion for an extension for abuse of discretion.[10] Serieux cannot succeed on either issue. There is no basis for federal jurisdiction apparent on the face of Serieux's complaint; there are no identifiable claims under federal law, nor is there diversity of citizenship.

Although it could be argued that good cause supported Serieux's motion for extended time to file objections to the R & R, the District Court did not abuse its discretion in concluding that it was lacking. Moreover, we note that, given the nature of the claims, an extension would not have resulted in a different outcome.

We will therefore affirm the District Court.

---

[9] *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).
[10] *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).